26-MJ-8092-PGL

## <u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT</u>

I, Meghan Ronayne, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

## <u>INTRODUCTION AND AGENT BACKGROUND</u>

1.      I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI").  I have been employed by HSI since August 2020 and I am currently assigned to the Office of the Special Agent in Charge ("SAC") New England in Boston, Massachusetts.  While employed by HSI, I have investigated federal criminal violations related to child exploitation and child pornography.  I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program.

2.      I am a "federal law enforcement officer" within the meaning of Federal Rules of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.  As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, 2252, and 2252A.  I have conducted and participated in many investigations of violations of those statutes.  I have also previously executed numerous federal search warrants in connection with these investigations.  I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

3.       I submit this affidavit in support of a criminal complaint charging John TAPLEY ("TAPLEY") (YOB 1992) of Brighton, Massachusetts with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

4.       The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation.

## **PROBABLE CAUSE**

5.       Through an ongoing investigation into the distribution of child sexual abuse material ("CSAM")[1] on Chat Application A[2], HSI identified a user account with the verified phone number ending in -6952 as a member of at least eleven group chats with group names referring to kids, young boys, boys cp, cute kids, hot boys, and video exchange for boys under 17.  The -6952

---

[1] In this affidavit, "child pornography" and "CSAM" are used interchangeably. "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where that term is used in this affidavit, it is used to refer to child pornography as defined by federal statute.

[2] Law enforcement knows the actual name of Chat Application A.  However, the investigation into users of Chat Application A remains ongoing, and public disclosure of Chat Application A's actual name potentially could alert its members to the investigation and cause members to flee or destroy evidence.  Accordingly, to preserve the confidentiality and integrity of the ongoing investigation, the actual name and other identifying details of Chat Application A remain undisclosed in this affidavit.

phone number was subsequently determined to be subscribed to TAPLEY on Verizon's network during the relevant time period.

6.     Pursuant to this investigation, on April 1, 2026, HSI agents and other law enforcement executed federal warrants (26-mj-8052-PGL; 26-mj-8053-PGL) to search TAPLEY's person and residence in Brighton, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.  The affidavit submitted in support of the search warrants is attached as Sealed Exhibit 1.

7.     At approximately 6:00AM, agents encountered TAPLEY in his bedroom at his residence in Brighton.  He was provided with a copy of the warrant for his person and residence and interviewed.  TAPLEY was advised of his rights and signed a written waiver of his *Miranda* rights.   TAPLEY initially agreed to speak with agents.   The interview, which occurred in TAPLEY's residence, was audio recorded; the statements below are a summary of the interview and not intended to be a verbatim account or transcript.

8.     TAPLEY provided his current phone number ending in -8430.  He confirmed that the phone number ending in -6952 had been his phone number previously, about a year and a half ago.  TAPLEY denied viewing child pornography.

9.     TAPLEY declined to provide the passcode to his phone.  The device was initially locked and powered on when it was discovered but immediately placed into airplane mode. Agents entered a passcode that was TAPLEY's birthday and were ultimately able to unlock his phone.

10.     During a preliminary review of the phone, which is an iPhone 12 Pro Max with a phone number ending in -8430, agents observed that the Apple account associated with the phone was "John Tapley" and a Google email account that included a combination of his first and last

3

names and year of birth was signed in on the Apple Mail application.  Further, agents observed that the Signal messenger and Telegram end-to-end communication applications were downloaded on the phone.

11.    A review of the Signal messenger application showed that the logged in user account was "J R" with the associated phone number ending in -8430.  There were approximately 15 group chats located within the application, and many of these group chats had names that were indicative of CSAM, such as "C/P GAY", "CP Share", and "Boy/Girl0-14Rpe".  The chat named "C/P GAY" appeared to have begun on or about March 30, 2026, and continued until the present.  This chat appeared to show various users sending numerous CSAM files.  On or about March 31, 2026, at approximately 3:49AM EDT, the user "dand" sent approximately five video files to the group that appeared to depict CSAM.  Three of those files are described below.

a.    This video file is approximately 31 second long, and it depicts a nude prepubescent male who is seen positioned in front of a nude adult male.  The nude child appears to be approximately eight to ten years old based upon the overall size of his body, his childlike facial features, and the lack of any pubic hair.  The nude adult male is seen repeatedly inserting his erect penis into the child's mouth.  The adult male is also seen placing his hand on the head of the child.

b.    This video file is approximately two minutes and 21 seconds long, and it depicts a prepubescent male who is nude from the waist down seen laying on his back with his penis exposed.  The child appears to be approximately nine to eleven years old based upon the overall size of his body, and the lack of any pubic hair.  An adult male is observed positioned between the child's legs and is seen repeatedly inserting his erect penis into the child's anus.

c.      This video file is approximately 21 seconds long, and it depicts a prepubescent male who is seen fully clothed and standing in front of an adult male who has an erect penis.  The child appears to be approximately seven to nine years old based upon the overall size of his body and his childlike facial features.  The child's hands are seen being placed onto the adult male's erect penis, and the erect penis is observed being placed into the child's mouth.

## CONCLUSION

12.      Based on all of the foregoing, I submit that there is probable cause to believe that from on or about March 30, 2026, through on or about March 31, 2026, John TAPLEY knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1).


_Meghan Ronayne /by Paul G. Levenson_
Special Agent Meghan Ronayne
Homeland Security Investigations


SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of April 1, 2026.


HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

5